**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

ERNEST INGRAM,                   *

     Petitioner,            *

v.                              **Civil Case No.: GJH-17-3064**

                          *     **Criminal Case No.: GJH-15-392**

UNITED STATES OF AMERICA

     Respondent.         *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM OPINION

*Pro se* Petitioner Ernest Ingram was sentenced to 87 months of imprisonment after he pleaded guilty to two counts of interference with interstate commerce by robbery. ECF Nos. 66, 87. Pending before the Court is Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Section 2255 Motion"), ECF No. 116, and Petitioner's Motion to Appoint Counsel, ECF No. 118.[1] No hearing is necessary to resolve either motion. *See* 28 U.S.C. § 2255(b); *Zelaya v. United States*, No. DKC-10-2509, 2013 WL 4495788, at \*2 (D. Md. Aug. 20, 2013). For the following reasons, Petitioner's Section 2255 Motion is denied and Petitioner's Motion to Appoint Counsel is denied.

## I.    BACKGROUND

On March 14, 2016, a grand jury for the District of Maryland issued a Superseding Indictment[2] charging Petitioner and two co-defendants with various crimes related to the robbery of four Maryland pharmacies. ECF No. 18. Count One charged Petitioner with conspiracy to

---

[1] Also pending is Petitioner's Motion for Extension of Time to File Reply. ECF No. 130. This Motion is granted.
[2] A grand jury for the District of Maryland had previously issued an Indictment regarding the same robberies. ECF No. 1. It did not name Petitioner and only charged one of his co-defendants. *Id.*

interfere with interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a) ("Hobbs Act Conspiracy"); Counts Two through Four charged Petitioner with interference with interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a) ("Hobbs Act Robbery").[3] *Id.*

Petitioner had his initial appearance on March 18, 2016, where trial counsel was appointed under the Criminal Justice Act. ECF No. 25. On April 14, 2016 and June 10, 2016, trial counsel filed three separate motions asking to suppress all tangible evidence and statements obtained pursuant to Petitioner's arrest and evidence obtained pursuant to a search warrant at Petitioner's home and requested an extension of time to file further motions. ECF Nos. 34, 50, 51.

On September 12, 2016, pursuant to a written plea agreement, Petitioner pleaded guilty to Counts Three and Four of the Superseding Indictment. ECF Nos. 66, 67. Specifically, Petitioner agreed that, from April 2015 through June 2015, he had conspired with his co-defendants and others to rob, by threat of deadly force, money and prescription narcotics from the person and presence of employees of at least two pharmacies located in the District of Maryland. ECF No. 67-1. Petitioner and his co-defendants stole prescription medications in excess of $4,600 from the pharmacies so that they could sell those medications, and they did in fact sell quantities of that stolen medication to various persons. *Id.*

On November 17, 2016, the United States Probation Office issued a Pre-Sentence Investigation Report and Recommendation (the "Pre-Sentence Report") that calculated Petitioner's criminal offense level as 27. ECF No. 76 at 7. The Pre-Sentence Report assigned Petitioner five criminal history points based on four prior convictions between 2005 and 2015,

---

[3] Counts Five through Seven charged Petitioner's co-defendants with additional counts of robbery; the use, carrying, and brandishing of a firearm during and in relation to a crime of violence; and possession of a firearm by a felon. Petitioner was not named in these counts.

resulting in a criminal history category of III and an applicable guidelines range of 87 to 108 months of imprisonment. *Id.* at 7–10, 15.

The Court held a sentencing hearing on December 12, 2016. ECF No. 85. At the hearing, Petitioner's defense counsel articulated two objections to the Pre-Sentence Report. First, defense counsel objected to 1-level increases that were assigned to each count of conviction for the theft of controlled substances under U.S.S.G. § 2B3.1(b)(6) because that enhancement was not agreed to by the parties in the plea agreement. ECF No. 110 at 4–5. Second, defense counsel objected to the determination that two 2015 convictions were separate sentences for the purpose of assigning criminal history points. *Id.* at 5. The Court rejected both objections and adopted the guidelines calculation set out in the Pre-Sentence Report, resulting in an offense level of 27 and a criminal history category of III. *Id.* at 9–13. The Court then sentenced Petitioner to a total of 87 months of imprisonment, the bottom of the applicable sentencing guideline range, with two concurrent terms of 87 months for each count to which Petitioner pleaded guilty. ECF No. 87.

The judgment became final on December 13, 2016, ECF No. 87, and Petitioner appealed to the United States Court of Appeals for the Fourth Circuit on December 23, 2016, ECF No. 93. The Fourth Circuit dismissed the appeal on July 20, 2017, finding that the appeal raised issues that "fell squarely" within Petitioner's waiver of appellate rights in the plea agreement. ECF No. 112.

On October 18, 2017, Petitioner filed the pending Section 2255 Motion, claiming ineffective assistance of counsel. ECF No. 116. On May 16, 2018, he filed a Motion to Appoint Counsel, requesting that the Court appoint counsel to aid him in prosecuting his Section 2255 Motion. ECF No. 118. On July 12, 2018, Petitioner filed a supplement to his Section 2255 Motion, claiming that his sentence should be set aside following the Supreme Court's decisions

in *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). The Government filed a response on November 20, 2018, ECF No. 129, and Petitioner filed a reply on February 13, 2019, ECF No. 133. On July 19, 2019, Petitioner filed a second supplement to his Section 2255 Motion, claiming that his sentence was also invalid under the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). ECF No. 140.

## II.    MOTION UNDER 28 U.S.C. § 2255

### A.  Standard of Review

To be entitled to relief under 28 U.S.C. § 2255, a petitioner must prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Where, however, a § 2255 petition, along with the files and records of the case, conclusively shows that the petitioner is not entitled to relief, a hearing on the motion is unnecessary and the claims raised therein may be dismissed summarily. 28 U.S.C. § 2255(b).

### B.  Discussion

Petitioner claims that his trial counsel provided him with ineffective assistance of counsel and that his sentence should be vacated pursuant to decisions that the Supreme Court issued after the judgment against him became final. The Court will address each type of claim separately.

#### i.   Ineffective Assistance of Counsel Claims

Petitioner contends that he is entitled to relief under § 2255 because he received ineffective assistance of counsel. Under the Sixth Amendment to the United States Constitution, a criminal defendant has the right to effective assistance of counsel. See *McMann v. Richardson*,

397 U.S. 759, 771 (1970). To be entitled to relief on a claim of ineffective assistance of counsel, a petitioner must show that (1) counsel's performance was deficient, and (2) prejudice resulted from counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 692 (1984). A "deficient performance" is one that falls below an objective standard of reasonableness, *see id.* at 687–88, such that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," *Harrington v. Richter*, 562 U.S. 86, 104 (2011); *see also United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2004). Those errors are prejudicial where "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Courts are "highly deferential" to counsel's tactical decisions and petitioners must overcome the presumption that the challenged action falls within "the wide range of reasonable professional assistance." *Id.* at 689.

Petitioner proffers five different grounds for vacating his sentence based on ineffective assistance of counsel. First, he contends that his counsel was ineffective for failing to file a motion to suppress evidence seized from a Samsung Galaxy Note 4. ECF No. 116-1 at 7–9. Specifically, he contends that his trial counsel should have argued that the cell phone evidence was collected by federal agents without a warrant in violation of the Fourth Amendment and that the search of the phone exceeded the scope of a warrant obtained for a different phone, a Samsung ZTE. *Id.* This argument fails.

First, Petitioner was aware of the alleged grounds for suppressing the contents of the Samsung Galaxy Note 4, and even discussed them with trial counsel, prior to his guilty plea, *see* ECF No. 116-2 ¶ 2, but he chose to plead guilty. During the Rule 11 colloquy, he repeated numerous times in writing and under oath that his guilty plea was knowing and voluntary, and that he was satisfied with his counsel. *See, e.g.*, ECF No. 67 at 7; ECF No. 67-1 at 2; ECF

108 at 9–10, 19–21. Petitioner "presents no evidence that his representations during his plea were untruthful or involuntary, and he is therefore rightly bound by his sworn statements." *See Fields v. Attorney Gen. of State of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992); *see also Jefferies v. United States*, No. DKC-13-1848, 2016 WL 4766029, at *3 (D. Md. Sept. 13, 2016) ("[S]worn statements made by a pleading defendant during a Rule 11 colloquy 'carry a strong presumption of verity'"). Statements made by a defendant under oath during a Rule 11 hearing are binding on him absent "clear and convincing evidence to the contrary." *Fields*, 956 F.2d at 1299. Here, Petitioner has not presented any such "clear and convincing evidence."

Second, "a defendant seeking to show ineffective assistance of counsel where counsel fail[ed] to pursue a motion to suppress for a Fourth Amendment violation must 'prove that his Fourth Amendment claim is meritorious,'" *Walker v. United States*, No. RWT-14-0536, 2015 WL 4638069, at *2 (D. Md. July 31, 2015) (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986)), but Petitioner cannot do so here. The contents of the Samsung Galaxy Note 4 were obtained by state investigators pursuant to a search warrant in connection with an arrest of Petitioner for a robbery that took place in Virginia, *see* ECF No. 129-5 at 2, and then passed along to the federal government in this case. Petitioner does not provide any evidence that the evidence was obtained unlawfully by state investigators, but seems to contend that the Government should have, pursuant to Rule 41 of the Federal Rules of Criminal Procedure, obtained its own warrant in order to use the information from the phone in this case. *See* ECF No. 133 at 3–12. The Court is unaware of any authority, however, that requires the federal government to apply for their own warrant in order to use information lawfully obtained by state investigators, and so Petitioner would have been unsuccessful in attempting to suppress any

evidence obtained from the Samsung Galaxy Note 4. Thus, an ineffective assistance claim on this basis fails. *See Walker*, 2015 WL 4638069, at *2.

Next, Petitioner contends that his trial counsel was ineffective for failing to file a motion to withdraw his guilty plea. ECF No. 116-1 at 5–7. He states that after he pleaded guilty, he asked his defense counsel to withdraw his guilty plea, *see* ECF No. 116-2 ¶ 3, and that he tried to give his defense counsel a letter expressing his reasons for wanting to go to trial, but his counsel ignored his request and refused to take the letter, *see* ECF No. 116-1 at 7. He also states that he sent several letters to the Court explaining his desire to withdraw his guilty plea, but these letters were never received. *Id.*

This argument lacks merit because Petitioner cannot show that his trial counsel acted in an objectively unreasonable manner by failing to file a motion to withdraw his guilty plea. "[A] criminal defendant who has pled guilty may not withdraw a plea after sentencing, and may withdraw a plea prior to sentencing only upon a showing of 'a fair and just reason for requesting the withdrawal.'" *Udeozor v. United States*, No. PJM-09-3172, 2010 WL 4941998, at *4 (D. Md. Nov. 30, 2010) (citing Fed. R. Crim. P. 11(d), (e)). When a defendant has filed a motion pursuant to § 2255 claiming that his counsel failed to make such a presentencing motion to withdraw a guilty plea, a court cannot conclude that such a failure was objectively unreasonable unless the defendant can articulate a "fair and just" reason that might have justified the presentencing withdrawal of the guilty plea. *See id.*

Here, Petitioner proposes two reasons that would have justified a presentencing withdrawal of his guilty plea. First, he contends that the evidence obtained from his cell phones was obtained illegally and suppression of that evidence would have thus warranted dismissal of his case. As the Court has already explained, however, Petitioner was aware of the alleged

grounds for suppressing the contents of the cell phones prior to pleading guilty and discussed them with trial counsel, but he nonetheless chose to plead guilty and affirm that his guilty plea was knowing and voluntary and that he was satisfied with counsel. Additionally, he has provided the Court with no basis to even surmise that the evidence obtained from his cell phones was obtained illegally. Withdrawing a guilty plea under these circumstances would not be "fair and just."

Petitioner also contends that he was coerced into pleading guilty and agreeing to facts in the plea agreement that he had no knowledge of even though the Government would only have been able to prove that he was a driver during the relevant robberies rather than an active participant. This argument would not have provided a "fair and just" basis for withdrawing his guilty plea. First, Petitioner affirmed during the Rule 11 colloquy that his plea was knowing and voluntary, and he has provided no reason for the Court to believe that affirmation is not entitled to a presumption of verity. *See Fields*, 956 F.2d at 1299; *Jefferies*, 2016 WL 4766029, at *3. Moreover, there is nothing in the plea agreement that is inconsistent with Petitioner having only been the driver in the robbery scheme, and again, he provides no evidence that would rebut his statements during the Rule 11 colloquy that he understood the crimes to which he was pleading guilty and that he agreed to the facts in the plea agreement's statement of facts. *See Fields*, 956 F.2d at 1299; *Jefferies*, 2016 WL 4766029, at *3. Because Petitioner has not provided the Court with a "fair and just" reason that would have justified withdrawing his plea presentencing, the Court cannot determine that it was objectively unreasonable for Petitioner's trial counsel to decline to file a motion to withdraw the guilty plea. *See Udeozor*, 2010 WL 4941998, at *4. Thus, this ground does not provide a basis for granting Petitioner's Section 2255 Motion.

Petitioner also claims that his trial counsel was generally ineffective for failing to ensure that Petitioner understood the evidence in his case, the nature of the charges against him, the trial process, the federal sentencing guidelines, and the possible sentences that he faced. ECF No. 116-1 at 8. The only specific examples that Petitioner provides of his counsel's failure to provide him with discovery are that he failed to inform him of the probable cause to search his cell phone and failed to provide him with the cell phone records. *Id.*

As to Petitioner's general contentions, general allegations of this sort are insufficient to support an ineffective assistance of counsel claim. *See, e.g.*, *United States v. Collins*, 68 F.3d 461 (Table), 1995 WL 606786, at *1 (4th Cir. 1995) (stating that because the defendant "failed to show he was prejudiced by counsel's actions, and only asserted conclusory allegations, the district court properly denied relief" on the defendant's ineffective assistance of counsel claims); *Gorham-Bey v. United States*, No. RWT-11-3238, 2013 WL 715148, at *4 (D. Md. Feb. 25, 2013) (rejecting ineffective assistance of counsel claims that were "bare and conclusory" and that did not "provide specificity regarding the information or discovery" that the defendant or her attorney failed to review nor the resulting prejudice). Moreover, his current allegations are undercut by Petitioner's statements during the Rule 11 colloquy that he was satisfied with his trial counsel and that he had discussed sentencing issues with him. *See* ECF No. 108 at 14–21.

As to Petitioner's specific examples of his trial counsel's alleged deficiencies, he cannot establish that he was prejudiced by this conduct. It is not clear why Petitioner being aware of investigators' probable cause to search his cell phone or being familiar with inculpatory evidence from the cell phones would have changed his mind regarding a guilty plea. Because he cannot establish prejudice, any alleged failures to review discovery are not proper bases for finding ineffective assistance of counsel. *See Strickland*, 466 U.S. at 694.

9

Next, Petitioner contends that his trial counsel was ineffective for failing to object to the inclusion of two criminal history points in the Pre-Sentence Report, one for "a District of Columbia offense that [Petitioner] was not convicted on," and one for "an outdated offense that resulted in a probation violation." ECF No. 116-1 at 10. As a preliminary matter, this claim fails because there does not appear to have been any such errors in the Pre-Sentence Report.

Regarding the first alleged error, the Pre-Sentence Report did not add any additional criminal history points for District of Columbia offenses that did not result in convictions. Rather, it added only three points for D.C. convictions: a 2005 conviction for an unregistered firearm and carrying a pistol without a license; a 2010 conviction for distribution of a controlled substance; and a 2015 conviction for fleeing a law enforcement officer and destruction of property. ECF No. 76 at 7–10.

As to the second alleged error, none of the convictions in the Pre-Sentence Report reflect a violation of probation, so it is not clear to which criminal history point Petitioner objects. Assuming Petitioner is complaining about the criminal history point assigned to his oldest conviction—the 2005 conviction—there was no error because it counts as a prior conviction under the Sentencing Guidelines. The Sentencing Guidelines count as a "prior conviction" any "sentence that was imposed within ten years of the defendant's commencement of the instant offense." U.S.S.G. § 4A1.2(e)(2). Here, Petitioner pleaded guilty to offenses that began "at least in or about April 2015," ECF No. 67-1 at 1, and the sentence for the 2005 conviction was imposed on May 17, 2005, ECF No. 76 at 7. It was therefore properly treated as a "prior conviction" and assigned one criminal point. *See* U.S.S.G. §§ 4A1.1, 4A1.2. Thus, trial counsel

was not ineffective for failing to raise any objections to the inclusion of these two criminal history points in the Pre-Sentence Report.[4]

Finally, Petitioner contends that his trial counsel was ineffective for failing to review the Pre-Sentence Report with Petitioner prior to the day of sentencing. ECF No. 116-1 at 11–13. The record reflects, however, that trial counsel affirmed on the record prior to the sentencing hearing that he reviewed the Pre-Sentence Report with Petitioner on more than one occasion, ECF No. 110 at 4, and Petitioner has provided no reason for the Court to believe that his attorney, an officer of the Court, was lying on the record. Petitioner also fails to explain how he suffered prejudice from trial counsel's alleged failure; the objections Petitioner raised in the pending Section 2255 Motion would not have been sustained and Petitioner identifies no other errors that he could or would have raised with counsel or the Court if he had reviewed the report further in advance of the sentencing hearing. Thus, this final argument does not support Petitioner's ineffective assistance of counsel claim.

## C.  Effect of *Johnson*, *Dimaya*, and *Davis*

In two supplements to his motion, Petitioner contends that his conviction and sentence are invalid pursuant to the Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015), *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and *United States v. Davis*, 139 S. Ct. 2319 (2019). ECF Nos. 123, 140. In *Johnson*, the Court considered the definition of "violent felony" in the Armed Career Criminal Act ("ACCA"), which includes crimes that (i) have an element or force or threat of force (the "Elements Clause"); or, alternatively, (ii) involve conduct

---

[4] Petitioner also claims that his appellate counsel was ineffective for failing to object to the assignment of the two criminal history points based on these convictions. ECF No. 116-1 at 11. Because there was no error in assignment, there was no error in raising them on appeal. *See Lawrence v. Branker*, 517 F.3d 700, 709 (4th Cir. 2008) (stating that appellate counsel is entitled to "the presumption that he decided which issues were most likely to afford relief on appeal" (internal quotation marks omitted)).

that "presents a serious potential risk of physical injury" (the "Residual Clause"). 18 U.S.C. § 924(e)(2)(B)(i)–(ii). The Supreme Court invalidated the ACCA's Residual Clause, holding that it was unconstitutionally vague because it required judges to disregard whether the crime was actually violent and instead "imagine how the idealized ordinary case of the crime … plays out," including whether it potentially presents some undefined degree of risk. 135 S. Ct. at 2557–58. *Dimaya* and *Davis* are extensions of *Johnson*; *Dimaya* invalidated the residual clause in 18 U.S.C. § 16(b), which defined "crime of violence" under the Immigration and Nationality Act ("INA"), 138 S. Ct at 1214–15, and *Davis* invalidated the residual clause in 18 U.S.C. § 924(c)(3)(B), which criminalized the use of a firearm during a "crime of violence," 139 S. Ct. at 2324. Petitioner contends that these cases should be extended to invalidate the five-level increase that was applied to his offense level because a firearm was brandished during the commission of the robberies to which Petitioner pleaded guilty. This argument lacks merit.

First, neither Petitioner's conviction or sentence was in any way impacted by ACCA, INA, or § 924(c). Rather, he was convicted under the Hobbs Act, which makes it unlawful to "obstruct[], delay[], or affect[] commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempt[] or conspire[] so to do, or commit[] or threaten[] physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of [§ 1951]." 18 U.S.C. § 1951(a). This statute contains no definition of "violent felony" and no residual clause, vague or otherwise, and so there is no basis for invalidating Petitioner's conviction based on *Johnson*, *Dimaya*, or *Davis*.[5]

---

[5] As an aside, Petitioner was not convicted under § 924(c), but even if he had been, Hobbs Act robbery has been found to be a valid predicate crime of violence supporting conviction for using, carrying, or brandishing a firearm during and in relation to a crime of violence. *See United States v. McDaniels*, 147 F. Supp. 3d 427, 434–44 (E.D. Va. 2015) (citing cases).

Nor is there any residual clause in U.S.S.G. § 2B3.1(b)(2)(C), the sentencing guideline that enhanced Petitioner's offense level for the brandishing of a firearm. Pursuant to that guideline, the offense level for a defendant convicted of a robbery offense is increased by five levels "if a firearm was brandished or possessed" during the offense. U.S.S.G. § 2B3.1(b)(2)(C). Unlike *Johnson*, *Dimaya*, and *Davis*, where the relevant statutes required courts to consider an idealized ordinary version of the crime at issue, § 2B3.1(b)(2)(C) applies *only if* a firearm was actually brandished or possessed during a robbery. Thus, a court only looks to the specific and particular facts of the case before it and, if a firearm was brandished or possessed, it increases the defendant's offense level. *Johnson*, *Dimaya*, and *Davis* therefore have no application to this guideline or Petitioner's sentence and do not provide a basis for granting Petitioner's Section 2255 Motion.[6]

Petitioner has failed to provide a valid basis for vacating, setting aside, or correcting his conviction or sentence. Accordingly, his Section 2255 Motion is denied.

## III.     MOTION TO APPOINT COUNSEL

Petitioner has also requested court-appointed counsel to assist him in prosecuting his Section 2255 Motion. ECF No. 118. Pursuant to 28 U.S.C. § 1915(e)(1), the Court may appoint an attorney to represent any person proceeding *in forma pauperis* who is "unable to afford counsel." In civil actions, however, the Court appoints counsel only in "exceptional" circumstances. *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). In doing so, the Court considers "the type and complexity of the case," whether the plaintiff has a colorable claim, and the plaintiff's ability to prosecute the claim. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir.

---

[6] Even if § 2B3.1(b)(2)(C) did have a residual clause, however, "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause." *See Beckles v. United States*, 137 S. Ct. 886, 890 (2017). Thus, *Johnson*, *Dimaya*, and *Davis* would have no application to such a residual clause.

1984) (internal citations omitted), *abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989). Exceptional circumstances include a litigant who "is barely able to read and write," *id.* at 162, or clearly "has a colorable claim but lacks the capacity to present it," *Berry v. Gutierrez*, 587 F. Supp. 2d 717, 723 (E.D. Va. 2008). Inherent in this analysis is that one's indigence alone is insufficient to establish exceptional circumstances.

Here, Petitioner has not identified any exceptional circumstances that would warrant appointment of counsel. He has adequately presented his claim, and the Court has concluded that his case need not proceed to discovery or a hearing. For these reasons, appointment of counsel is not warranted and Petitioner's Motion to Appoint Counsel is denied.

**IV.     CONCLUSION**

For the foregoing reasons, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is denied and Petitioner's Motion to Appoint Counsel is denied. A separate Order shall follow.

Date: <u>April     17, 2020</u>                                        <u>     /s/                                             </u>
                                                                GEORGE J. HAZEL
                                                                United States District Judge