**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| **UNITED STATES OF AMERICA,** * | |
| Plaintiff, * | |
| v. * | Criminal Case No.: GJH-15-392 |
| **ERNEST INGRAM,** * | |
| Defendant. * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Defendant Ernest Ingram is currently in the custody of the Federal Bureau of Prisons ("BOP") serving an 87-month sentence for two counts of interference with interstate commerce by robbery. Pending before the Court is Mr. Ingram's *pro se* Motion for Compassionate Release. ECF No. 156. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons that follow, Mr. Ingram's Motion for Compassionate Release is denied.

**I.    BACKGROUND**

On March 14, 2016, a grand jury for the District of Maryland issued a Superseding Indictment charging Mr. Ingram and two co-defendants with various crimes related to the robbery of four Maryland pharmacies. ECF No. 18. Count One charged Mr. Ingram with conspiracy to interfere with interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a) ("Hobbs Act Conspiracy"); Counts Two through Four charged Mr. Ingram with interference with interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a) ("Hobbs Act Robbery").[1] *Id.*

---

[1] Counts Five through Seven charged Mr. Ingram's co-defendants with additional counts of robbery; the use, carrying, and brandishing of a firearm during and in relation to a crime of violence; and possession of a firearm by a felon. Mr. Ingram was not named in these counts.

1

On September 12, 2016, pursuant to a written plea agreement, Mr. Ingram pleaded guilty to Counts Three and Four of the Superseding Indictment. ECF Nos. 66, 67. Specifically, Mr. Ingram agreed that, from April 2015 through June 2015, he had conspired with his co-defendants and others to rob, by threat of deadly force, money and prescription narcotics from the person and presence of employees of at least two pharmacies located in the District of Maryland. ECF No. 67-1. Mr. Ingram and his co-defendants stole prescription medications in excess of $4,600 from the pharmacies so that they could sell those medications, and they did in fact sell quantities of that stolen medication to various persons. *Id.* The Court held a sentencing hearing on December 12, 2016, ECF No. 85, and it sentenced Mr. Ingram to a total of 87 months of imprisonment, with two concurrent terms of 87 months for each count to which Mr. Ingram pleaded guilty. ECF No. 87.

On April 13, 2020, Mr. Ingram submitted to the warden of his BOP facility a request for compassionate release pursuant to 18 U.S.C. § 3582(c). ECF No. 156-1. After thirty days lapsed without a response from the warden, Mr. Ingram filed a Motion for Compassionate Release in this Court. ECF No. 156.

**II.    DISCUSSION**

Pursuant to 18 U.S.C. § 3582(c), Mr. Ingram requests compassionate release from custody because he is the primary caregiver for his mother, who belongs to several high-risk groups for COVID-19 due to her age and medical conditions. Section 3582(c) allows a sentencing court to reduce an imposed sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after [he] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility…." 18 U.S.C. § 3582(c)(1)(A). Upon

such a motion by BOP or the defendant, the court may only modify a sentence under certain limited circumstances, which include where "extraordinary and compelling reasons warrant such a reduction."[2] *Id.* § 3582(c)(1)(A)(i).

such a motion by BOP or the defendant, the court may only modify a sentence under certain limited circumstances, which include where "extraordinary and compelling reasons warrant such a reduction."[2] *Id.* § 3582(c)(1)(A)(i).

Although Mr. Ingram has exhausted the administrative requirements by filing a request for compassionate release with the warden of his BOP facility and waiting for thirty days to lapse before bringing a motion in this Court, he has failed to show "extraordinary and compelling reasons" warranting compassionate release. In support of his motion, Mr. Ingram states that prior to his incarceration, he was the primary caregiver for his mother. ECF No. 156-1 at 1.[3] He seeks compassionate release to care for her now because she has asthma and diabetes and is about to turn sixty, thus placing her in several high-risk groups for COVID-19. *Id.* at 1–2, 11. While the Court empathizes with Mr. Ingram's desire to support his mother during this unprecedented time, "family circumstances that would amount to an extraordinary and compelling reason [for compassionate release] are strictly circumscribed under the [applicable United States Sentencing Commission] policy statement and do not encompass providing care to elderly parents." *United States v. Goldberg*, No. 12-180 (BAH), 2020 WL 1853298, at *4 (D.D.C. April 13, 2020); *see also* U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n.1(C) (limiting family circumstances that may be considered an adequate reason for a sentence reduction to the need to care for the defendant's minor children or a spouse or registered partner, when no other caregiver is available).

---

[2] A court may also modify a sentence where relevant changes in the sentencing guidelines occurred subsequent to the defendant's sentencing; where, subject to administrative exhaustion requirements, the defendant is at least 70 years old, has served at least 30 years in prison, and is not a danger to the community; or to the extent otherwise permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure. *See* 18 U.S.C. §§ 3582(c)(1)(A)(ii), (c)(1)(B), (c)(2). None of these circumstances are applicable here.

[3] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

Although Mr. Ingram states in his Motion that several district courts have considered a parent's health to be an "extraordinary and compelling" circumstance in light of the COVID-19 pandemic, he does not cite to any specific authority, *see* ECF No. 156-1 at 1, and the Court's research suggests that a parent's health is not an "extraordinary and compelling" reason under 18 U.S.C. § 3582(c)(1)(A), *see, e.g.*, *United States v. Baye*, No. 3:12-CR-00115-RCJ, 2020 WL 2857500, at *10 (D. Nev. June 2, 2020) (denying defendant's compassionate release motion to care for his widowed mother's deteriorating health); *Goldberg*, 2020 WL 1853298, at *4 (denying compassionate release motion and stating that "a desire to care for one's elderly parents does not qualify as an 'extraordinary and compelling' reason for release" under 18 U.S.C. § 3582(c)(1)(A)); *United States v. Ingram*, No. 2:14-cr-40, 2019 WL 3162305, at *2 (S.D. Ohio July 15, 2019) (denying compassionate release motion to care for defendant's ill mother because "[m]any, if not all inmates, [have] aging and sick parents"). And even where a court has released a defendant in order to care for a parent, the evidence established that the parent was already sick and that the defendant was the only potential caregiver. *See United States v. Bucci*, 409 F. Supp. 3d 1, 2 (D. Mass. 2019). Here, Mr. Ingram's mother has not tested positive for COVID-19 and the fact that he was her primary caregiver prior to his incarceration would have been considered during sentencing. It is admirable that Mr. Ingram wants to care for his mother, but such a circumstance is not extraordinary under 18 U.S.C. § 3582(c)(1)(A) and therefore does not justify his early release.

### III. CONCLUSION

For the foregoing reasons, it is ordered by the United States District Court for the District of Maryland that Mr. Ingram's Motion for Compassionate Release, ECF No. 156, is **DENIED**.

Date: <u>June    15 , 2020</u>            <u>  /s/                      </u>
                                                                                GEORGE J. HAZEL
                                                                                United States District Judge